L. W. & P. ARMSTRONG, Complainants,

*v.*

ISABEL LOPEZ CRUZ ET AL., Dfts.
KOPPEL INDUSTRIAL CAR & EQUIPMENT COMPANY, Intervener.

Ponce, Equity, No. 1092.

Opinion filed May 3, 1923.

*Mr. Jaime Sifre* for complainants; and for Charles W. Fowler.

*Mr. O. B. Frazer* for minor defendants.

*Mr. H. G. Molina* for receiver.

*Mr. J. Henri Brown* for Banco Comercial.

*Mr. F. H. Dexter* for intervener.

ODLIN, Judge, delivered the following opinion:

The intervening petition of the Koppel Industrial Car & Equipment Company was filed in the above-entitled cause in the month of October, 1921, setting forth an indebtedness by defendants to petitioner of the sum of $38,739.71 for railroad material and supplies furnished the Central Puerto Real, property of defendants.

Complying with an order of the court with respect to the presentation of claims by creditors of defendants, petitioner duly presented its claim to the receiver claiming a priority of payment thereof on the ground that the payment due represents the selling price of personal property in possession of the debtor at the time of the appointment of the receiver.

The receiver in July, 1922, filed his report upon such claim, and in the month of January, 1923, presented his amended report, in and by which reports the receiver admitted the contract of sale, the contract price of the materials, and the delivery of the same to the defendants prior to the receivership.

The receiver recommended that a part of said claim representing 3.2 kilometers of railroad track, switches, and accessories, should be denied; that a certain portion of the materials should be returned to petitioner without the allowance of any compensation whatsoever; that a priority should be allowed for a certain part of the claim, but that the value of the materials represented by that portion of the claim should be reduced from the contract price to the actual value of such materials in use by the defendants at the time that the receiver took possession, recommending the balance of the claim to be allowed as a common credit.

To these reports exceptions were duly filed by petitioner which prayed that such reports should be reviewed by the court and that it be given an opportunity to present evidence in support of its claim. Thereafter this matter was set down for hearing and on the 8th day of December, 1922, appeared by their respective attorneys all the parties to this suit, petitioner, the receiver, the Banco Comercial de Puerto Rico, the Bank of Nova Scotia, and Charles W. Fowler.

Evidence was offered in support of the claim, as also in support of the report of the receiver. Among the witnesses who testified were the receiver and Mr. Walter J. Lowrie, manager of the Central Puerto Real.

After a full hearing of the matter the same was submitted

to the court upon extensive briefs by several of the counsel engaged in the complicated case.

After a consideration of the evidence and the law deemed applicable, the court is of the opinion as follows, and so finds:

(1) With respect to the rails for the track and the accessories, as between petitioner on one side and the defendants and the receiver and all parties claiming under them or either of them on the other, petitioner has not lost its right to enforce the cost price thereof against the same.

(2) The greater part of the materials were used by defendants, thus causing the contract of purchase of such materials to become executed by the defendants prior to the receivership, and the receiver elected to use the remainder of the materials with knowledge of the terms and conditions of the sale, including the contract price.

(3) All of the materials in question were indispensably necessary to the use of the receiver in connection with his administration and operation of the Central Puerto Real belonging to defendants; and the price and cost thereof is and must be considered as a part of the operating expenses of the said Central Puerto Real to be given priority and to be paid as such out of the income and proceeds of the said Central Puerto Real.

(4) Such priority is sustained by the provisions of § 1823 of the Civil Code in force in Porto Rico.

Wherefore, it is Ordered.

The claim of petitioner for the sum of thirty-eight thousand seven hundred thirty-nine dollars and seventy-one cents ($38,-739.71) is hereby allowed as a preferred and prior claim as a part of the operating expenses of the Central Puerto Real with interest thereon at the rate of 8 per cent per annum on the sum

of thirty-one thousand three hundred and forty-four dollars and seventy-one cents ($31,344.71) from July 8, 1921, and interest at the same rate on the sum of seven thousand three hundred ninety-five dollars ($7,395) from the 30th day of January, 1922.

Petitioner shall also recover its costs.

Done and Ordered at Ponce, this 3d day of May, 1923.